Foster, P. J.
(concurring). Defendants are householders in the city of Albany. They entered into a contract with a firm of painters to have their house painted. Plaintiff was an employee of this firm.
Attached to the front of defendants’ house was a marquee, suspended by two chains, with no visible support beneath it. Plaintiff asserted, as did his employers, that the defendant John B. Cerasoli, in response to an inquiry, stated that he believed that the marquee was safe to work from; .that when the house was painted before the painters then used it; and that it was used to stand upon when screens and storm windows were hung upon the window above. Nothing was said as to how long before such uses were made of it, nor were any details given as to the manner of previous use. No further inquiry was made, and, so far as the proof shows, no inspection whatever was made of the marquee by the plaintiff or his employers to ascertain whether it was safe to work upon. Plaintiff and a fellow workman placed a ladder upon it. The plaintiff stood upon it and his fellow workman mounted the ladder. The marquee thereupon collapsed and plaintiff was injured.
*51 A jury of twelve women have found the defendants guilty of negligence and the plaintiff free from contributory negligence. In my opinion plaintiff was guilty of contributory negligence as a matter of law. The most rudimentary exercise of care would have dictated a further inquiry or some inspection of the structure in question before using it to support two men and a ladder. Plaintiff was not a novice in the craft of painting, but a painter of some fourteen years experience. That the marquee was supported by only two chains was obvious; that the security of such a fastening might be affected by time and weather was scarcely less obvious; and yet no examination was made to determine how securely the chains were fastened. Under the circumstances plaintiff was not entitled to rely upon a mere opinion expressed by one of the defendants.
The judgment should be reversed and the complaint dismissed.